# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9534 | **DATE** | 9/25/2003 |
| **CASE TITLE** | Kidd vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to dismiss counts I and III of the complaint (12-1) is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 2 6 2003 | |
| | Notified counsel by telephone. | | date docketed | 25 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 9/25/2003 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ mailing deputy initials | |



SEP 2 6 2003

DARESSE KIDD,           )
                        )
    Plaintiff,          )
                        )
v.                      )
                        )  No. 02 C 9534
CITY OF CHICAGO, OFFICER D. HARRIS, )
OFFICER E. LEE, and other as yet )
unknown Chicago police officers, )
                        )
    Defendants.         )

## MEMORANDUM OPINION AND ORDER

Plaintiff Daresse Kidd is a 23-year-old citizen of Illinois. On or about March 5, 2000, Mr. Kidd was entering his family's apartment building on Chicago's South Side when he says he was accosted by several police officers demanding information. The officers allegedly handcuffed, searched, and beat Mr. Kidd to the point that he lost consciousness and required medical treatment. Mr. Kidd was subsequently charged with possession of a controlled substance and battery to a police officer. According to Mr. Kidd's complaint, the officers conspired to and did conceal exculpatory evidence from prosecutors and fabricated incriminating evidence against Mr. Kidd. In May 2002, Mr. Kidd was tried and acquitted of the charges against him.

Mr. Kidd now brings a six-count complaint against the City of Chicago, Officer D. Harris, Officer E. Lee, and other as yet unknown police officers. The defendants move to dismiss Count I,

25

which alleges a claim under § 1983 for violation of Mr. Kidd's due process rights, and Count III, which alleges a claim under § 1983 for conspiracy to violate Mr. Kidd's constitutional rights. I deny the motion.

Dismissal of a complaint, or of a portion of a complaint, is proper only when it is clear beyond a doubt that the plaintiff can prove no set of facts to support his allegations. *First Ins. Funding Corp. v. Federal Ins. Co.*, 284 F.3d 648, 651 (7th Cir. 2002). For purposes of the motion to dismiss, I accept the well-pleaded allegations of the complaint as true. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

The defendants argue that Count I should be dismissed because Mr. Kidd fails to state a claim for violation of due process. They assert that because Mr. Kidd was acquitted, he cannot claim that he was denied a fair trial.

It has long been established that prosecutors must share relevant exculpatory evidence with a criminal defendant, and that their failure to do so may render a trial unfair. *Brady v. Maryland*, 373 U.S. 83 (1963). Police officers who withhold exculpatory evidence from prosecutors or fabricate inculpatory evidence similarly violate the due process clause and are subject to suit under § 1983. *Newsome v. McCabe*, 256 F.3d 747, 753 (7th Cir. 2001); *Jones v. City of Chicago,* 856 F.2d 985 (7th Cir. 1988); see *Castillo v. Zuniga,* No. 01-C616, 2002 U.S. Dist. LEXIS 4261, at

*31 (N.D. Ill. Mar. 14, 2002) (Pallmeyer, J.). Two recent decisions have involved allegations similar to those in Mr. Kidd's complaint. In *Corbett v. White*, No. 00 C 4661, 2001 U.S. Dist. LEXIS 13803, at *15-16 (N.D. Ill. Sep. 5, 2001), Judge Gottschall permitted an acquitted defendant like Mr. Kidd to pursue a § 1983 suit against police officers who allegedly hid the truth from prosecutors. Similarly, in *Carroccia v. Anderson*, 249 F. Supp. 2d 1016, 1017 (N.D. Ill. 2003), Judge Kennelly declined to dismiss such a claim. Both Judge Gottschall and Judge Kennelly relied heavily on the *Newsome* court's explanation of the policy motive behind its decision. That court noted:

> Pressure must be brought to bear. Prosecutors kept in the dark by police ... won't improve their performance with or without legal liability for their conduct. Requiring culpable officers to pay damages to the victims of their actions ... holds out promise of both deterring and remediating violations of the Constitution.

*Newsome*, 256 F.3d at 752. This deterrent argument applies equally to police who successfully and unsuccessfully attempt to frame innocent defendants. As Judge Kennelly put it, "A trial is not rendered fair simply because it ultimately results in acquittal." *Carroccia*, 249 F. Supp. 2d at 1023. In other words, the Fourteenth Amendment guarantees due process, not due results. I agree with Judges Gottschall and Kennelly and decline to dismiss Count I.[1]

---

[1] Mr. Kidd's complaint does not state what the alleged exculpatory evidence might be that was allegedly withheld. To be actionable, Mr. Kidd would have to prove that the withheld evidence was material, which would be difficult to prove in the context of

3

Defendants base their argument in favor of dismissal of Count III, the conspiracy count, on the alleged inadequacy of Count I. However, as Count I stands, so stands Count III. Mr. Kidd has stated a claim that the defendants violated his constitutional rights. The defendants fail to show why his accusation that the defendants conspired to do so should be treated differently.

Finally, the defendants argue that the qualified immunity defense bars Counts I and III. In order to overcome a defense of qualified immunity, a plaintiff must show that the defendant government officials violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). *Newsome* is directly on point; the opinion expressly states that it was "clearly established" in 1980 that "police officers could not withhold from prosecutors exculpatory information." *Newsome*, 256 F.3d at 752. As the events in dispute in this case took place in 2000, this language disposes of the qualified immunity issue.

---

trial since he was acquitted, although knowing failure to provide prosecutors with evidence that would likely have led them not to prosecute would be material. Defendants did not raise the lack of allegations of materiality in their motion to dismiss and cannot raise that issue in a reply brief, where they briefly address the need for materiality. In this case, moreover, it appears that the principal allegation is that defendants fabricated testimony, both before and at trial. If true, this at least would be a denial of due process.

4

The motion to dismiss is DENIED.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: September 25, 2003